**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5770-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KELVIN ROSA,

    Defendant-Appellant.

_____

Submitted December 9, 2019 – Decided April 20, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 06-10-1443.

Joseph E. Krakora, Public Defender, attorney for appellant (David J. Reich, Designated Counsel, on the briefs).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kelvin Rosa appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, substantially for the reasons expressed by Judge Terrance R. Cook in his twenty-page written decision that accompanied the order denying defendant's petition.

The facts underlying defendant's conviction are set forth in detail in our earlier opinion affirming defendant's conviction and need not be repeated. State v. Rosa, No. A-3808-11 (App. Div. Aug. 3, 2015) (slip op. at 2-16). As we described in that opinion, a jury found defendant guilty of "attempted murder and other crimes, all arising from his shooting of a police officer during a burglary." Id. at 1. In reaching its verdict, the jury rejected defendant's contention that he was not present during the burglary, evidently accepting the testimony of one of his codefendants that placed defendant at the scene as the shooter. Thereafter, defendant was sentenced to an aggregate term of thirty years, subject to a parole disqualification period under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

At sentencing, and without filing a motion for a new trial,

> defense counsel provided the court with documents that indicated [a different codefendant, Pablo Acevedo was] willing[] to testify at defendant's trial. The documents included an affidavit submitted as part of Acevedo's October[] 2011 PCR petition, and two letters from Acevedo to defendant, dated October 31, 2011, and

2

November 17, 2011. Counsel represented that defendant had recently provided the letters to him. The [sentencing] court refused to consider the documents, stating they could be addressed during a PCR hearing.[1]

[Id. at 32-33.]

In his ensuing direct appeal, defendant argued that (a) his rights were violated when the court admitted N.J.R.E. 404(b) other crime evidence; (b) the trial court should have conducted a hearing to determine whether alleged newly discovered evidence, which consisted of Acevedo's letters and affidavit, warranted a new trial; (c) his constitutional right to confrontation was violated through his inability to observe one of the witness's full testimony at trial; (d) the trial court assumed defendant's guilt and inappropriately considered unproven allegations; and (e) the trial court erred in imposing the maximum sentence based on those unproven allegations. Id. at 2.

In affirming defendant's conviction, among our other conclusions, we determined that the Acevedo's materials, on their face, were not newly

---

[1] Acevedo was convicted in 2007 for his role in the subject offense. At his trial, his inculpatory, pretrial statement to police was admitted into evidence. That statement included his identification of defendant as the shooter. As discussed below, as part of Acevedo's 2011 PCR petition, he later claimed that his statement was coerced.

discovered evidence as the documents predated defendant's trial,[2] and the trial court properly delivered a limiting instruction regarding the admission of the N.J.R.E. 404(b) evidence, so defendant suffered no prejudice. Id. at 32, 34. Although we affirmed defendant's conviction, we remanded for re-sentencing, as the sentencing court "assumed defendant's guilt of unproven crimes" and failed "to provide any explanation for the imposition of consecutive sentences." Id. at 38.

On remand, the trial court imposed its original sentence without consideration of the impermissible evidence as we directed. Defendant appealed, only arguing that his sentence was excessive. On April 5, 2016, an excessive sentencing panel of this court affirmed defendant's sentence. State v. Rosa, No. A-1199-15 (App. Div. April 5, 2016). The Supreme Court denied defendant's petition for certification. State v. Rosa, 227 N.J. 146 (2016).

Defendant filed his PCR petition in September 2016, in which he argued that his trial counsel failed to protect him by allowing the admission of other crime evidence at trial. A brief was submitted on behalf of defendant, in which

---

[2] We also stated that based upon "the limited record before us, which does not contain a full record of Acevedo's prior statements, it is impossible to assess the other elements of a newly discovered evidence claim. Such a record may be developed, should defendant wish to do so, in a petition for PCR." Id. at 34.

A-5770-17T1

he argued that trial counsel's errors constituted ineffective assistance of counsel (IAC) and denied defendant the right to a fair trial. He specifically contended that "counsel failed to object to . . . highly prejudicial testimony" and "failed to seek a limiting instruction"; trial counsel failed to investigate and interview Acevedo as a potential witness; and failed to timely file and argue a motion for a new trial. In support of his petition, defendant also submitted copies of the documents written by Acevedo.

The Acevedo affidavit was dated October 17, 2011. In it, Acevedo stated that he knew nothing about the robbery during which the police officer was shot. However, because Acevedo was threatened during law enforcement's interrogation of him, he told the police "what [he] knew about it," but they were not satisfied and told Acevedo he "had to state that [he] saw [defendant] with a gun, and that [he] saw [defendant] fire the gun." Acevedo further stated that he knew the statements he was making to the police were untrue, but did so because his "life was on the line and [he] felt [he] had no choice." Acevedo told the police "what they wanted to hear [so he could] go home." In Acevedo's PCR brief, which the State submitted excerpts of in opposition to defendant's PCR petition, Acevedo argued that his trial counsel should have investigated a prospective witness, another codefendant, who would have "corroborated the

5

fact that [Acevedo] was an unwilling participant as he was unaware of the intentions of his co[]defendants."[3]

In one of Acevedo's letters, also dated before defendant's trial, he stated that he hoped to testify on defendant's behalf, as he was "the only one that [could] help [defendant] get out of this problem." He also stated that with the affidavit, defendant had "very big power in [his] hands to compel [defendant's] attorney and [the] prosecutor to do what [defendant] want[ed]." Acevedo ended the letter by stating that he was defendant's "exit to all of this."

In the other letter, dated a few weeks after the first letter, Acevedo stated that he "was prepared to help [defendant] because [he] was not going to let [the] prosecutor do to [defendant] what [the prosecutor] did to [him]. [Defendant was] not the person that was there that night." He again stated that "the only person that could help [defendant was him] and no one else because [defendant was] not the person that [he] saw that night and these people want[ed him] to go speak things that [were] not true against [defendant]."

---

[3] The PCR court in Acevedo's case denied the petition, finding that Acevedo "confessed to his participation in the robbery but denied having shot the police during the robbery" and had already implicated the codefendants in the crime, including defendant. It stated that at trial, Acevedo testified that defendant was the only one with a firearm the night of the burglary and that defendant is the one that shot at the police officer.

In its response to defendant's petition, the State filed a certification from defendant's trial counsel, which stated that he received Acevedo's letters from defendant on the day of defendant's original sentencing, and he recalled that "Acevedo had already been convicted at the time of [defendant's] trial." According to counsel, he "did not think [Acevedo's] testimony would be helpful." Trial counsel also stated that after speaking to Acevedo's attorney before defendant's trial about Acevedo's "involvement," it "in part led to [his] decision not to pursue [Acevedo] as a witness as did [counsel's] review of a transcript of [Acevedo's] trial." The State also submitted to the PCR court a copy of Acevedo's 2006 statement to police that Acevedo's affidavit referenced, in which he identified defendant as the shooter during the burglary in which they both participated.

Judge Cook denied defendant's petition by order dated February 27, 2018. In his comprehensive written decision, the judge concluded that defendant failed to meet the two-pronged test under Strickland v. Washington, 466 U.S. 668, 687 (1984), as adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

Addressing defendant's contention that trial counsel failed to object to testimony about defendant's and his codefendants' roles in other burglaries,

Judge Cook found that the evidence was not prejudicial, and the claim was unfounded as it was belied by the record. Not only did the judge find that defendant's trial counsel argued against admitting such evidence at a N.J.R.E. 404(b) hearing, but the judge also found that contrary to defendant's contention, the trial court delivered a limiting instruction to the jury, and, in any event, we "already determined that [defendant] was not prejudiced by the introduction of such evidence."

Next, Judge Cook found that trial counsel acted reasonably by deciding not to call Acevedo as a witness since Acevedo's affidavit did not exonerate or provide an alibi for defendant. The judge found the decision to be part of trial counsel's strategy, and since Acevedo gave a full confession that identified defendant as the shooter, the decision to not call Acevedo was appropriate.

Turning to trial counsel's failure to file a motion for a new trial based on Acevedo's materials, Judge Cook found that the documents did not support seeking that relief. Citing to Rule 3:20-1 and State v. Carter, 85 N.J. 300, 314 (1981), the judge explained that we already determined that the documents did not constitute new evidence, and in any event, they were not likely to have changed the jury's verdict.

Last, Judge Cook found defendant's reasons for claiming that his trial and appellate counsel were ineffective, were unsupported by the record. He determined that an evidentiary hearing was not warranted as defendant failed to establish a prima facie claim of IAC. This appeal followed.

Defendant presents the following issues for our consideration on his appeal:

> POINT I
>
> THE PCR COURT ERRED IN DENYING [DEFENDANT] AN EVIDENTIARY HEARING CONCERNING HIS CLAIM HIS TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO INTERVIEW . . . ACEVEDO OR CALL HIM AS A WITNESS IN [DEFENDANT'S] DEFENSE.
>
> POINT II
>
> THE PCR COURT ERRED IN DENYING [DEFENDANT] AN EVIDENTIARY HEARING CONCERNING HIS CLAIM HIS TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO FILE A MOTION FOR A NEW TRIAL BASED ON THE NEW INFORMATION SUPPLIED BY . . . ACEVEDO.
>
> POINT III
>
> THE PCR COURT ERRED IN DENYING [DEFENDANT] AN EVIDENTIARY HEARING CONCERNING HIS CLAIM HIS TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO OTHER CRIME[] EVIDENCE OR SEEK LIMITING INSTRUCTIONS.

9

POINT IV

COUNSEL WAS INEFFECTIVE IN FAILING TO ARGUE THAT [DEFENDANT'S] ALLEGED INCULPATORY STATEMENT SHOULD HAVE BEEN SUPPRESSED BECAUSE IT OCCURRED AFTER [DEFENDANT'S] INDICTMENT WITHOUT COUNSEL PRESENT. (NOT RAISED BELOW).

We review de novo a decision to deny a petition for PCR where the PCR court did not conduct an evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004). Under those circumstances, "it is within our authority 'to conduct a de novo review of both the factual findings and legal conclusions of the PCR court.'" State v. Reevey, 417 N.J. Super. 134, 147 (App. Div. 2010) (quoting Harris, 181 N.J. at 421).

At the outset, we refuse to consider the argument raised by defendant in Point IV about the improper admission of his inculpatory, pretrial statement to a third person because he never made that argument to Judge Cook or even to us in his direct appeal. Not only does his failure to have raised the argument before the PCR judge prevent our consideration, see State v. Robinson, 200 N.J. 1, 20 (2009), but it is also procedurally barred, see R. 3:22-4(a); Reevey, 417 N.J. Super. at 148.

Turning to defendant's remaining arguments, we conclude they are without merit and we affirm substantially for the reasons stated by Judge Cook

10

in his thorough written decision. We concur with Judge Cook's determination that defendant failed to establish a prima facie case of IAC and therefore an evidentiary hearing was not warranted. See R. 3:22-10(b); State v. Preciose, 129 N.J. 451, 462-63 (1992). We add only the following comments.

A criminal defense attorney's decision to call or not to call witnesses is a matter of trial strategy generally entitled to presumptive deference. As the Court has explained:

> Determining which witnesses to call to the stand is one of the most difficult strategic decisions that any trial attorney must confront. A trial attorney must consider what testimony a witness can be expected to give, whether the witness's testimony will be subject to effective impeachment by prior inconsistent statements or other means, whether the witness is likely to contradict the testimony of other witnesses the attorney intends to present and thereby undermine their credibility, whether the trier of fact is likely to find the witness credible, and a variety of other tangible and intangible factors. Therefore, like other aspects of trial representation, a defense attorney's decision concerning which witnesses to call to the stand is "an art," and a court's review of such a decision should be "highly deferential."
>
> [State v. Arthur, 184 N.J. 307, 320-21 (2005) (citations omitted).]

These principles of deference extend to counsel's decisions especially where a defendant asserts an alibi defense. While an attorney's "[f]ailure to

11

investigate an alibi defense is a serious deficiency that can result in the reversal of a conviction," State v. Porter, 216 N.J. 343, 353 (2013), "[c]ounsel's fear that a weak alibi could cause more harm than good is the type of strategic decision that should not be second guessed on appeal," State v. Drisco, 355 N.J. Super. 283, 291 (App. Div. 2002) (emphasis added); see also State v. Coruzzi, 189 N.J. Super. 273, 321-22 (App. Div. 1983) (finding no error in not calling the defendant's brother as alibi witness, when the testimony was contradicted by other, credible witnesses and could "undermine the entire defense strategy").

Applying these principles, we conclude the evidence in the record established that in not pursing Acevedo as a witness, defendant's trial counsel made a knowing and intelligent strategic decision that cannot support a claim of IAC. Generally, although "a suspicious or questionable affidavit supporting a PCR petition 'must be tested for credibility and cannot be summarily rejected,'" Porter, 216 N.J. at 355 (quoting State v. Allen, 398 N.J. Super. 247, 258 (App. Div. 2008)), defendant's trial counsel conducted an investigation into whether Acevedo would be helpful to defendant's cause before deciding not to pursue him as a witness. This finding stands regardless of when trial counsel was first provided with the affidavit and letters that defendant relied upon.

Defendant's trial counsel, after contacting Acevedo's attorney and examining Acevedo's trial transcript, made the decision not to call Acevedo as a witness, which falls within trial strategy. Counsel's decision was supported by the fact that Acevedo confessed to the crime, implicating defendant as the man who shot at the police officer. Acevedo's confession was admitted in evidence at his own trial, which would impeach any contrary testimony Acevedo would have given in this case. Further, besides stating that defendant was not present at the burglary that night, neither Acevedo's affidavit nor the letters provided any information creating a reasonable doubt about defendant's guilt. See State v. Pierre, 223 N.J. 560, 588 (2015) (holding that it was IAC for trial counsel not to call witnesses who submitted affidavits placing the defendant in a different State at the time the crime was committed and whose testimony would have reinforced defendant's alibi evidence established by an out-of-state traffic ticket). Even if trial counsel's actions were deficient, the evidence against defendant was substantial, including the testimony from another codefendant and defendant's own pretrial statements to a third party, both of which implicated defendant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13